IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

ERICA CARNEY                          3-16-CV-468-DJH                  PLAINTIFF
2203 Deveron Drive
Louisville, Kentucky 40216

v.

EQUIFAX INFORMATION SERVICES, LLC                        DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:     CSC-Lawyers Incorporating Service Co.
                421 W. Main St.
                Frankfort, KY 40601
                (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Erica Carney, and for her Verified Complaint against the Defendant,

Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence and violations of the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's failure to investigate Plaintiff's

disputes regarding three alleged judgments on Plaintiff's Equifax credit report.

## II. PARTIES

2.      Plaintiff, Erica Carney, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 2203 Deveron Drive, Louisville, Kentucky 40216.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

7.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

8.     In or around April 2015, Plaintiff accessed her Equifax credit report and discovered an alleged judgment in favor of Service Financial Company and three alleged collection accounts furnished by GLA Associates and Business Revenue.

9.     Immediately upon discovering the above-referenced tradelines, Plaintiff filed disputes with Equifax and requested that Equifax investigate the accuracy of the tradelines.

10.    In May 2016, Plaintiff received dispute results from Equifax regarding her April 2015 disputes and investigation requests.  Those results revealed that Equifax failed to investigate the Service Financial, GLA Associates and Business Revenue tradelines.

11.    Equifax's failure to investigate the above-referenced tradelines, and thus to initiate

disputes of the tradelines, amounts to a violation of the Defendants' duties under the 15 U.S.C. §1681i to investigate disputed tradelines and to transmit consumer disputes to the furnishers of credit information.

12.    Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V.  CLAIMS

### Negligence

13.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14.    Equifax's failure to properly investigate Plaintiff's dispute despite Plaintiff's lawful notice to Equifax disputing and requesting investigation of the aforementioned tradelines was negligent under applicable law.  In failing to properly investigate Plaintiff's disputes, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

15.    Equifax's negligent failure to properly investigate Plaintiff's disputes of the aforementioned tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

16.    Equifax's failure to properly investigate Plaintiff's disputes of the aforementioned tradelines despite Plaintiff's lawful disputes to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act**

17.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

18.     Equifax's failure to properly investigate the disputed items is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b).

19.     Equifax's failure to properly investigate the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute and to transmit Plaintiff's disputes to the furnisher of the credit information is a violation of Equifax's duties under 15 U.S.C. §1681i  and §1681a(1)(A).

20.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act**

21.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22.     Equifax's failure to properly investigate the disputed items is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23.     Equifax's failure to properly investigate the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute and its failure to transmit the dispute to the furnisher of the credit information are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

24.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA

as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Erica Carney, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Erica Carney, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Erica Carney


COMMONWEALTH OF KENTUCKY                    )
                                            )  SS
COUNTY OF JEFFERSON                         )

Subscribed, sworn to and acknowledged before me by Erica Carney this ___ day of _____, 2016.

_____
Notary Public

Commission expires:_____